## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NAZEER SMITH,<br>No. M05152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01138-JPG |
| | ) | |
| C/O GROVES, and<br>C/O BOWERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Nazeer Smith is an inmate currently housed in Pinckneyville Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the conditions of his confinement.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, during the five-day period from April 22 to April 27, 2014, there was no running water in his cell.  Consequently, Plaintiff and his cellmate had nothing to drink during the 90-degree days; Plaintiff became dehydrated and dizzy.  The toilet could not be flushed and the cell and the inmates could not be cleaned, which caused Plaintiff to become ill. Each day Plaintiff alerted C/O Groves and C/O Bowerman, but they only responded that they had already put in a work order.  When Plaintiff was finally moved to another cell, it did not have hot water for a day.

Plaintiff contends the conditions of his confinement violated the Eighth Amendment.  He seeks compensatory and punitive damages.

Based on the allegations in the complaint, the Court finds it convenient to frame the allegations into the following overarching claim.

**Count 1:  Defendants C/O Groves and C/O Bowerman subjected Plaintiff to conditions of confinement from April 22-27, 2014, that amounted to cruel and unusual punishment, in violation of the Eight Amendment.**

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  A prison

official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The allegations regarding Plaintiff's confinement in a cell with no running water for five days states a colorable Eighth Amendment claim.   Although the defendants did something, letting the situation continue could be found to amount to deliberate indifference. The alleged factual scenario raises questions that cannot be resolved at this early stage; Count 1 will, therefore, proceed.

Insofar as the complaint makes passing reference to Plaintiff being placed in a cell for one day with no hot water, no Eighth Amendment claim is stated.  Plaintiff does not link that situation to the defendants.  Moreover, there is no constitutional right to hot water.  *See Lopez v. Robinson,* 914 F.2d 486, 492 (4th Cir.1990) ("[I]t suffices to say that there is no clearly established, sufficiently contoured, right to hot showers in prison."); see, e.g., *Hopkins v. Klindworth*, 556 F. App'x 497, 499 (7th Cir. 2014).   For these reasons, no claim has been recognized.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1**, an Eighth Amendment conditions of confinement claim, shall **PROCEED** against Defendant **C/O GROVES and C/O BOWERMAN**.

The Clerk of Court shall prepare for Defendants **C/O GROVES and C/O BOWERMAN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2015**

> *s/J. Phil Gilbert*
> **United States District Judge**